UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JACK CHEEK, III,

                     Plaintiff,

vs.                                                     Case No.  3:15-cv-36-J-34PDB

MARVIN Y. LENHART, KENDRA
LENHART, and MARVIN'S LOG HOMES,
INC.,

                     Defendants.
_____/

# O R D E R

     **THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>.  Federal courts are courts of limited

jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction.

<u>See</u> <u>Kirkland v. Midland Mortg. Co.</u>, 243 F.3d 1277, 1279-1280 (11th Cir. 2001); <u>see also</u>

<u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994).  This obligation exists

regardless of whether the parties have challenged the existence of subject matter

jurisdiction.  <u>See</u> <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999)

("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction

<u>sua sponte</u> whenever it may be lacking").

     On January 16, 2015, Plaintiff Jack Cheek, III (Cheek) filed Plaintiff's Complaint and

Jury Demand (Doc. 1; Complaint), asserting several statutory and common law claims under

Florida state law.  <u>See</u> <u>generally</u> Complaint.  Cheek asserts that this Court has "subject

matter, supplemental, and pendent jurisdiction" over his claims pursuant to 28 U.S.C. §

1367.  However, § 1367 governs only supplemental jurisdiction, and to invoke this Court's

supplemental jurisdiction, Cheek must first establish that this Court has original jurisdiction over the action.  <u>See</u> 28 U.S.C. § 1367(a).  Although not specifically alleged, given the absence of any federal claims, it appears that Cheek intends to bring this action pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332.  <u>See</u> Complaint ¶ 6 (alleging that Cheek seeks relief in excess of the "jurisdictional amount" of $75,000).  However, because Cheek fails to adequately identify the citizenship of the parties, the Court is unable to determine whether it has diversity jurisdiction over this action.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants."  <u>Univ. of S. Ala.</u>, 168 F.3d at 412.  To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides.  <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994).  A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom."  <u>McCormick v. Aderholt</u>, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted).

The Court's review of the Complaint discloses that the requisite diversity of citizenship is not apparent from Cheek's allegations.  Cheek alleges that he "is a resident of Duval County, Florida," and that Defendants Marvin Y. Lenhart and Kendra Lenhart (the Lenharts) are "residents of the State of Tennessee."  <u>See</u> Complaint ¶¶ 1-2.  As the Complaint discloses only the states of residence of Cheek and the Lenharts, rather than their states of citizenship, the Court finds that Cheek has not alleged the facts necessary to establish the Court's jurisdiction over this case.  <u>See</u> <u>Taylor</u>, 30 F.3d at 1367 ("Citizenship, not residence,

is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").

Moreover, Cheek asserts that Defendant Marvin's Log Homes, Inc. (MHLI) is "a corporation organized under the laws of the State of Tennessee . . . ."  Complaint ¶ 3. However, a corporation, "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). Because Cheek fails to identify MLHI's principal place of business, the Court is unable to determine the citizenship of this Defendant as well.

In light of the foregoing, the Court will give Cheek an opportunity to establish diversity of citizenship between the parties and that this Court has jurisdiction over this action.[1] Accordingly, it is

**ORDERED**:

---

[1]     The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met.  See McCormick, 293 F.3d at 1257; see also Taylor, 30 F.3d at 1367 (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").

-3-

Plaintiff shall have until **February 6, 2015**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on January 26, 2015.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

-4-